FILED
CLERK, U.S. DISTRICT COURT

09/17/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ____DM____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>JORDAN NICHOLAS MCCORMICK,<br>GUSTAVO JACIEL SOLIS,<br>ANTHONY RUBEN WHISENANT,<br>JESSICA SARAH PEREZ, and<br>RYAN DOUGLAS WHITE,<br><br>          Defendants. | CR 20-00346(A)-DMG<br><br>F I R S T<br>S U P E R S E D I N G<br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C): Distribution of Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Cocaine;  21 U.S.C. §§ 841(a)(1), (b)(1)(A)(v): Possession with Intent to Distribute LSD; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 3: Accessory After the Fact; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[DEFENDANTS MCCORMICK, SOLIS, WHISENANT, AND PEREZ]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about September 4, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendants JORDAN NICHOLAS MCCORMICK, GUSTAVO JACIEL SOLIS, ANTHONY RUBEN WHISENANT, and JESSICA SARAH PEREZ conspired with others known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute:

1. At least ten grams of lysergic acid diethylamide ("LSD"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(v);

2. Oxycodone, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

3. Cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C); and

4. Methylenedioxymethamphetamine ("MDMA" or "Ecstasy"), a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C).

B.   MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendant MCCORMICK would obtain drugs, including purported oxycodone pills containing fentanyl, LSD, MDMA, and cocaine, from an unknown source.

2.   Defendant MCCORMICK would provide drugs, including purported oxycodone pills containing fentanyl, LSD, MDMA, and cocaine, to defendant SOLIS for further distribution to co-conspirators and customers.

3.   Defendant SOLIS would provide various drugs, including purported oxycodone pills containing fentanyl, LSD, MDMA, and cocaine, to defendant WHISENANT for further distribution to customers, including members of the United States Military, and to defendant PEREZ for further distribution to civilian customers.

4.   Defendants MCCORMICK, SOLIS, WHISENANT, and PEREZ would also provide drugs directly to customers.

5.   Defendants MCCORMICK and SOLIS would carry firearms, and possess firearms in their residences, in order to protect their drugs and drug proceeds, as well as to protect themselves in furtherance of their drug business.

C.   OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants MCCORMICK, SOLIS, WHISENANT, and PEREZ, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On or about November 25, 2019, using coded language, defendant SOLIS ordered Ecstasy pills from defendant MCCORMICK for redistribution to a customer ("Individual A").

3

<u>Overt Act No. 2:</u>  On or about November 26, 2019, using coded language, defendant SOLIS and Individual A confirmed that Individual A received the purported Ecstasy pills from defendant MCCORMICK.

<u>Overt Act No. 3:</u>  On or about April 3, 2020, using coded language in Snapchat text messages, defendants SOLIS and WHISENANT discussed a drug transaction for LSD, Ecstasy, and Ketamine, and defendant WHISENANT asked defendant SOLIS, "so we got like seven guys who wanna try it so could i get your input?  How much would i tell them to buy from you?"

<u>Overt Act No. 4:</u>  On or about May 14, 2020, using coded language in Snapchat text messages, defendant WHISENANT provided his Venmo account barcode to defendant SOLIS, stating "brother could you scratch the two grams of coke and just make it an 8 ball."

<u>Overt Act No. 5:</u>  On or about May 22, 2020, defendant MCCORMICK sold approximately 1,000 purported oxycodone pills containing fentanyl via courier ("Individual B") to defendant SOLIS for $5,500.

<u>Overt Act No. 6:</u>  On or about May 22, 2020, defendant WHISENANT, on behalf of a customer ("Individual C"), ordered ten purported oxycodone pills containing fentanyl from defendant SOLIS.

<u>Overt Act No. 7:</u>  On or about May 22, 2020, defendant SOLIS provided defendant WHISENANT with an address for defendant WHISENANT, Ryan Douglas White, and Individual C to meet defendant SOLIS to complete a drug sale.

<u>Overt Act No. 8:</u>  On or about May 22, 2020, defendant SOLIS sold ten pills of purported oxycodone containing fentanyl to Individual C, who died of a drug overdose in or around the early morning hours of May 23, 2020.

4

Overt Act No. 9:  On or about May 24, 2020, using coded language in Snapchat text messages, defendant SOLIS provided a menu depicting the illegal drugs defendant SOLIS sold, which included "M30 Oxy" pills, to an individual defendant SOLIS believed to be a drug customer, but who was, in fact, an Undercover Agent working with the Naval Criminal Intelligence Service ("NCIS").

Overt Act No. 10:  On or about May 29, 2020, in a parking lot in Sylmar, California, defendant SOLIS sold approximately 100 purported oxycodone pills, constituting 10.82 grams of a mixture and substance containing a detectable amount of fentanyl, to the Undercover Agent for approximately $1,000.

Overt Act No. 11:  On or about June 18, 2020, defendant SOLIS agreed to sell the Undercover Agent one ounce of cocaine for $1,200 and 100 purported oxycodone pills containing fentanyl for $1,000.

Overt Act No. 12:  On or about June 24, 2020, defendant SOLIS arranged for defendant PEREZ to deliver the aforementioned drugs to the Undercover Agent, and gave the Undercover Agent defendant PEREZ's cellphone number so that they could set up the location of the aforementioned drug sale.

Overt Act No. 13:  On or about June 25, 2020, in a parking lot in Pacoima, California, defendant PEREZ sold approximately 10.87 grams of a mixture and substance containing a detectable amount of fentanyl and 27.7 grams of a mixture and substance containing a detectable amount of cocaine to the Undercover Agent for approximately $2,200.

Overt Act No. 14:  On or about June 25, 2020, after defendant PEREZ sold drugs to the Undercover Agent in the parking lot in Pacoima, California, defendant SOLIS sent a text message to the

5

Undercover Agent stating, "that's why I sent her," in response to the Undercover Agent texting defendant SOLIS that defendant PEREZ was "straight business."

Overt Act No. 15:   On or about July 9, 2020, defendant SOLIS agreed to sell the Undercover Agent 250 purported oxycodone pills containing fentanyl for $2,250.

Overt Act No. 16:   On or about July 13, 2020, in a parking lot in Pacoima, California, defendant PEREZ, acting at defendant SOLIS's direction, sold approximately 27.17 grams of a mixture and substance containing a detectable amount of fentanyl to the Undercover Agent for approximately $2,250.

Overt Act No. 17:   On or about July 13, 2020, after PEREZ delivered drugs to the Undercover Agent in the parking lot in Pacoima, California, defendant SOLIS sent a text message via Snapchat to the Undercover Agent stating, "Okay, we're good," in response to the Undercover Agent texting defendant SOLIS to thank him for "hooking up" the transaction.

Overt Act No. 18:   On or about July 26, 2020, defendant MCCORMICK agreed to provide defendant SOLIS with approximately 1,000 purported oxycodone pills for distribution to customers.

Overt Act No. 19:   On or about July 26, 2020, using coded language, Individual B contacted defendant SOLIS to arrange for the delivery of the purported oxycodone pills containing fentanyl from defendant MCCORMICK.

Overt Act No. 20:   On or about July 29, 2020, at his residence in Sylmar, California, defendant SOLIS possessed with intent to distribute approximately 41.279 grams of LSD, and approximately 905 purported oxycodone pills constituting 101.04 grams of a mixture and

substance containing a detectable amount of fentanyl, as well as multiple firearms, namely, a Maverick Arms, Model 88, 12-gauge shotgun, bearing serial number 0271769, a Smith and Wesson, model M&P .40 caliber semi-automatic pistol, bearing serial number MFP7521, a Smith and Wesson, model SD9 VE 9mm semi-automatic pistol, bearing serial number FBF1098, and a Glock-style Polymer80 9mm semi-automatic pistol that did not contain a legitimate manufacturer's mark or serial number (also known as a "ghost gun").

Overt Act No. 21:  On or about September 4, 2020, at his residence in Palmdale, California, defendant MCCORMICK possessed approximately 11.85 grams of LSD, as well as a firearm, namely, a Glock, Model 17, 9mm semi-automatic pistol, bearing serial number XTA324.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANT MCCORMICK]

On or about May 22, 2020, in Los Angeles County, within the Central District of California, defendant JORDAN NICHOLAS MCCORMICK and Individual B, each aiding and abetting the other, knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS SOLIS AND WHISENANT]

On or about May 22, 2020, in Los Angeles County, within the Central District of California, defendants GUSTAVO JACIEL SOLIS and ANTHONY RUBEN WHISENANT, each aiding and abetting the other, knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[18 U.S.C. § 3]

[DEFENDANT WHITE]

On or about May 23, 2020, in Los Angeles County, within the Central District of California, defendant RYAN DOUGLAS WHITE, knowing that an offense against the United States had been committed, namely, Distribution of Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), received, relieved, comforted, and assisted the offenders, Anthony Ruben Whisenant and Gustavo Jaciel Solis, in order to hinder and prevent the offenders' apprehension, trial, and punishment.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT SOLIS]

On or about May 29, 2020, in Los Angeles County, within the Central District of California, defendant GUSTAVO JACIEL SOLIS knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS SOLIS AND PEREZ]

On or about June 25, 2020, in Los Angeles County, within the Central District of California, defendants GUSTAVO JACIEL SOLIS and JESSICA SARAH PEREZ, each aiding and abetting the other, knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS SOLIS AND PEREZ]

On or about June 25, 2020, in Los Angeles County, within the Central District of California, defendants GUSTAVO JACIEL SOLIS and JESSICA SARAH PEREZ, each aiding and abetting the other, knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS SOLIS AND PEREZ]

On or about July 13, 2020, in Los Angeles County, within the Central District of California, defendants GUSTAVO JACIEL SOLIS and JESSICA SARAH PEREZ, each aiding and abetting the other, knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANT MCCORMICK]

On or about July 26, 2020, in Los Angeles County, within the Central District of California, defendant JORDAN NICHOLAS MCCORMICK and Individual B, each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 101.04 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(v)]

[DEFENDANT SOLIS]

On or about July 29, 2020, in Los Angeles County, within the Central District of California, defendant GUSTAVO JACIEL SOLIS knowingly and intentionally possessed with intent to distribute at least ten grams, that is, approximately 41.279 grams, of lysergic acid diethylamide ("LSD"), a Schedule II narcotic drug controlled substance.

COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT SOLIS]

On or about July 29, 2020, in Los Angeles County, within the Central District of California, defendant GUSTAVO JACIEL SOLIS knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 101.04 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWELVE

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT SOLIS]

On or about July 29, 2020, in Los Angeles County, within the Central District of California, defendant GUSTAVO JACIEL SOLIS knowingly possessed firearms, namely, a Maverick Arms, Model 88, 12-gauge shotgun, bearing serial number 0271769, a Smith and Wesson, model M&P, .40 caliber semi-automatic pistol, bearing serial number MFP7521, a Smith and Wesson, model SD9 VE, 9mm semi-automatic pistol, bearing serial number FBF1098, and a Glock-style Polymer80, 9mm semi-automatic pistol, that did not contain a legitimate manufacturer's mark or serial number (also known as a "ghost gun"), in furtherance of drug trafficking crimes, namely, Conspiracy to Distribute, and Possess with Intent to Distribute, Controlled Substances, in violation of Title 21, United States Code, Section 846, as charged in Count One of this First Superseding Indictment, Possession with Intent to Distribute LSD, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(v), as charged in Count Ten of this First Superseding Indictment, and Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Eleven of this First Superseding Indictment.

18

COUNT THIRTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(v)]

[DEFENDANT MCCORMICK]

On or about September 4, 2020, in Los Angeles County, within the Central District of California, defendant JORDAN NICHOLAS MCCORMICK knowingly and intentionally possessed with intent to distribute at least ten grams, that is, approximately 11.85 grams, of lysergic acid diethylamide ("LSD"), a Schedule II narcotic drug controlled substance.

COUNT FOURTEEN

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT MCCORMICK]

On or about September 4, 2020, in Los Angeles County, within the Central District of California, defendant JORDAN NICHOLAS MCCORMICK knowingly possessed a firearm, namely, a Glock, Model 17, 9mm semi-automatic pistol, bearing serial number XTA324, in furtherance of drug trafficking crimes, namely, Conspiracy to Distribute, and Possess with Intent to Distribute, Controlled Substances, in violation of Title 21, United States Code, Section 846, as charged in Count One of this First Superseding Indictment, and Possession with Intent to Distribute LSD, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(v), as charged in Count Thirteen of this First Superseding Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One, Two, Three, Five through Eleven, and Thirteen of this First Superseding Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

21

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.      Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Twelve or Fourteen of this First Superseding Indictment.

2.      Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

i.    One Maverick Arms, Model 88, 12-gauge shotgun, bearing serial number 0271769;

ii.   One Smith and Wesson, model M&P .40 caliber semi-automatic pistol, bearing serial number MFP7521;

iii. One Smith and Wesson, model SD9 VE 9mm semi-automatic pistol, bearing serial number FBF1098;

iv.   One Glock-style Polymer80 9mm semi-automatic pistol that did not contain a legitimate manufacturing mark or serial number (also known as a "ghost gun");

v.    One Glock, Model 17, 9mm semi-automatic pistol, bearing serial number XTA324; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

23

3.      Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

_____/S/_____
Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Acting Deputy Chief,
General Crimes Section

PATRICK CASTAÑEDA
Special Assistant United States
Attorney, General Crimes Section